UNITED STATES v. HULSIZER, INC. (No. 3494) [1]

United States Court of Customs and Patent Appeals, February 29, 1932

*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh* and *Ralph Folks*, special attorneys, of counsel), for the United States.
No appearance for appellee.

[1] T. D. 45512.

[Oral argument February 11, 1932, by Mr. Folks; submitted on record by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This suit arose under the Tariff Act of 1930. An importation of what is known as isolepsis grass (being a product made by fraying out the ends of palm leaves and used as imitation grass in window displays and other places where artificial flowers and grasses are used) was made at Des Moines, Iowa.

The collector assessed duty at 60 per centum ad valorem, classifying the merchandise under paragraph 1518 of said tariff act, the pertinent portion of which reads—

PAR. 1518. * * *; artificial or ornamental fruits, vegetables, grasses, * * * when composed wholly or in chief value of other materials and not specially provided for, 60 per centum ad valorem; * * *.

The importer protested, making claim under that part of paragraph 1537 of said act, which reads:

PAR. 1537. (a) Manufactures of * * * palm leaf, * * * not specially provided for, 25 per centum ad valorem; * * *.

The United States Customs Court sustained the protest upon the authority of *P. C. Kuyper & Co. et al.* v. *United States*, 17 C. C. P. A. (Customs) 22, T. D. 43320, decided by this court upon an issue practically similar to that here raised, except that the *Kuyper* case arose under the Tariff Act of 1922.

The said *Kuyper* case would, apparently, be precisely in point and controlling were it not for the fact that in the Tariff Act of 1930 the Congress made a vital change in the law by inserting the word "grasses" in paragraph 1518 thereof, whereas in the act of 1922, paragraph 1419 (corresponding to said paragraph 1518 and involved in said *Kuyper* case) did not list grasses as one of the artificial products included for the 60 per centum duty.

Evidently this vital change was not brought to the attention of the court below, or, in some way, escaped its observation.

In said *Kuyper* case we held that, while the articles met the definition of artificial grass, such grasses were not provided for in paragraph 1419 of the act of 1922 but were aptly described in paragraph 1439 of said act as "manufactures of palm leaf," and were dutiable thereunder. That case was decided April 2, 1929, and it is a fair inference that said decision was before the Congress during the preparation and passage of the Tariff Act of 1930 and led that body to make the recited change in language.

At any rate, the alteration does meet the decision and leads to a conclusion in the case at bar different from that reached in the *Kuyper* case.

It may be added that the contention of the Government before us is not contested by appellee, either by brief or in oral argument.

It appears upon this record that the collector's classification was correct and the Customs Court fell into error in sustaining the protest. Accordingly, the judgment of the United States Customs Court is *reversed*.